UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON CHRISTOPHER LONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-03322 (UNA) |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |

**Memorandum Opinion**

Before the Court is Plaintiff's application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and his *pro se* complaint, ECF No. 1. The Court grants Plaintiff's IFP application and, for the reasons below, dismisses this matter without prejudice for failure to state a claim and for want of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3).

Plaintiff sues the U.S. Department of Education ("DOE") under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq*. *See* ECF No 1. at 2, 9–11. He alleges that Saint Augustine's University, where he studied, has been attempting to enforce a master promissory note application containing a student loan agreement that Plaintiff executed in 2013. *See id*. at 6–10. Plaintiff contends that the university (which is not named as a defendant in this lawsuit) forged these documents, and that they contain other indicia of fraud, rendering his financial obligation "null and void." *See id*. at 6–10, 12–13. He also alleges that the university unlawfully disclosed his personal information, exposing him to ongoing identity theft. *See id*. at 8–9. He has filed multiple police reports against the university, sent it several cease-and-desist letters, and "asserted his borrower's defense application against" the university, seeking to waive his student loan repayment under the Higher Education Act, 34 C.F.R. § 685.222(e)(3)– (5). *See* ECF No. 1 at 7–

8, 10. He demands $25 million "for identity theft, forgery, etc.," and asks this Court to "compel the defendant to grant [his] borrower defense assertions; order the defendant to delete [his] loan and delete [his] personal information from their databases permanently[.]" *See id.* at 12–14.

Plaintiff's damages claim against DOE is barred by sovereign immunity, which precludes damages suit against the United States, its agencies, and its officials, except upon waiver. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Clark v. Library of Congress*, 750 F.2d 89, 102–04 (D.C. Cir. 1984). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Here, Plaintiff has not pled any cause of action for which the United States has consented to be sued for damages. Plaintiff cites the APA, which only waives immunity for non-monetary claims against federal agencies. *See* 5 U.S.C. § 702

To the extent Plaintiff intended to plead a damages claim under the Federal Tort Claims Act ("FTCA"), he has failed to allege that any federal employee has engaged in actionable wrongdoing or that he has properly exhausted administrative remedies before filing suit. *See* 28 U.S.C. §§ 1346(b)(1), 2675(a). Moreover, the FTCA does not waive sovereign immunity for "an act or omission" of a federal employee "based upon the . . . performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a); *Auleta v. United States*, 80 F. Supp. 3d 198, 203 (D.D.C. 2015). .

Plaintiff's claims for judicial review and equitable relief under the APA must be dismissed as well because the complaint does not challenge a "final agency action." 5 U.S.C. § 704; *Perry v. Dep't of Education*, No. 20-2003, 2021 WL 289358, at *2 (D.D.C. Jan. 28, 2021) (dismissing without prejudice APA claims where the plaintiff's borrower's defense application had yet to be

finally decided by the DOE), *appeal dismissed*, No. 21-5037, 2021 WL 7085200 (D.C. Cir. July 1, 2021) (per curiam); *N'Jai v. Dep't of Education*, No. 19-cv-2712, 2021 WL 1209281, at *10 (D.D.C. March 31, 2021) (same). Plaintiff submits 104 pages of exhibits with his complaint and 57 pages of additional exhibits with a "motion in limine," but none of those exhibits contain an agency determination. *See* ECF No. 1-1; ECF No. 3. "The doctrine of finality prevents courts from reviewing agency decisions before they are final so as to 'avoid premature intervention in the administrative process.'" *Perry,* 2021 WL 289358, at *2 (quoting *CSI Aviation Services, Inc. v. Dept. of Transportation*, 637 F.3d 408, 411 (D.C. Cir. 2011)). Without a final agency decision, there can be no APA claim regarding Plaintiff's eligibility for a borrower defense discharge. *See id*.

This Court is without jurisdiction to direct Defendant to take specific actions on his behalf, as Plaintiff has requested. *See* ECF No. 1 at 13–14 "It is one thing to seek to compel an agency to respond to an administrative complaint within a reasonable time. It is entirely another to seek to control what that response says." *SAI v. Homeland Security*, 149 F. Supp. 3d 99, 109 (D.D.C. 2015). "Under Section 706(1) of the APA, a court may at times compel an agency 'to take a *discrete* agency action that is it is *required to take*,' but may not direct '*how* it shall act.'" *Id.* (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphases in original) (internal quotation marks omitted)). Here, Plaintiff has not alleged that Defendant improperly delayed its administrative review, nor has he established that it is statutorily required to take any action, and the Court is without authority to award him the relief he seeks from the agency.

For these reasons, this matter is dismissed without prejudice. Plaintiff's motion in limine, ECF No. 3, is denied as moot. A separate order accompanies this memorandum opinion.

Date:   January 31, 2025                              /s/_____
                                                            AMIR H. ALI
                                                     *United States District Judge*